Shaidon Blake 96323
_Name_

EDCF PO Box 311

El Dorado, Ks. 67042
_Address_

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Shaidon Blake , Plaintiff
_(Full Name)_

CASE NO. 21-3176-SAC
_(To be supplied by the Clerk)_

V. Marsha

Classification Admin Boss, Defendant (s)

Unit team Managers Hoepner &
Martin, Sgt Randolph, Lt AJ Johnson
Unit Team Knapp, CO I Chiles

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Shaidon Blake , is a citizen of California
   _(Plaintiff)_                              _(State)_

who presently resides at EDCF PO Box 311

El Dorado, Ks 67042
_(Mailing address or place_

_of confinement.)_

2) Defendant Ms. Boss is a citizen of
   _(Name of first defendant)_

El Dorado, Ks , and is employed as
_(City, State)_

Classification Administrator . At the time the
_(Position and title, if any)_

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes ☑ No ☐. If your answer is "Yes", briefly explain:

_____

_____

1

3) Defendant ___J. Hoepner___ is a citizen of
(Name of second defendant)

___E L Dorado, KS___, and is employed as
(City, state)

___Unit Team Manager___. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes ☑ No ☐ . If your answer is "Yes", briefly explain:

He worked for KDOC in the capasity of Unit
team manager, this duties thrash applied wrong were
carried out by the behalf of KDOC
(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

42 U.S.C 1983 and 28 USC 1343

any other applicable by law this Honorable Court deem just.

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

Petitioner filed complaints w/ admin. to include the
warden about being denied due process, retatitory acts,
and falsifying legal documents by state prison staff
which amounts to misconduct amongst other various
infractions of law to no avail. These actions placed
petitioner in jepardy due to the loss of priviledges, a
barrage of illegal retaliation for filing, illegal sanctions
to include indefinate seg. time in violation of the
8th and 14th amend. of the U.S. Constitution.

2

XE-2 8/82                        CIVIL RIGHTS COMPLAINT §1983

Defendants Cont.

3. Mrs. Martin a citizen of El Dorado, KS 67042 is employed as Unit Team Manager at the time claims arose and yes, she was acting under the color of state law due to her duties as Unit team manager she enforced rules the state put in place but she interpreted them wrong.

4. Sgt. A. Randolph a citizen of ElDorado, KS 67042 is employed a Disciplinary Hearing Officer at time claims arose and yes she was acting under the color of state law. Her duties as hearing officer gave her the authority at her discretion to impose sanctions on behalf of the state of Kansas.

5. LT. A.J. Johnson a citizen of El Dorado, KS. 67042 is employed a Disciplinary Hearing officer supervisor at time claims arose and yes he was acting under the color of state law. His duties as hearing officer supervisor gave him the authority at his discretion to impose sanctions on behalf of the state of Kansas.

6. Unit team Knapp a citizen of El Dorado, KS. 67042 is employed as a Unit team supervisor at time claims arose and yes he was acting under the color of State law. He supervised prisoners and made classification decisions on behalf of the state of Kansas.

7. COI chiles a citizen of El Dorado, Ks. 67042 is employed as S.O.R.T. officer at the time claims arose and yes he was acting under the color of the state law. His duties encluded the escorting of prisoners to the hospital off site amungst other jobs he performed on behalf of the State of kansas.

Supporting facts.
(Count 1): On approx. 8-17-20 hearing officer Randolph held (1) disciplinary hearing case No. 20-08-069, w/ the petitioner over the phone while petitioner was serving a 30 day dis. seg sanction. During this hearing, the hearing officer asked for a defense and petitioner stated the reporting officer was lying in her report and requested the camera as evidence. Hearing officer repeatedly warned petitioner to not present that testimony.

It is petitioners claims that the hearing officer was attempting to abuse her authority by influencing the sworn testimony of the petitioner to keep out of the official records the illegal conduct of this reporting officer. Petitioner stated camera footage will show reporting officer CS1 J. Hoffarth maintained an inappropriet relationship w/ a prisoner who was working during her shift as a porter and wrote petitioners DR to further protect that inappropriet relationship. The prison was under covid-19 protocol so all visits were shut down yet the flow of illegal contraband continued. This is only due to these type of illegal relationships, but prison staff, the ~~sams of tenders of undue familiarity~~ ~~continue to exist~~

the same offenders of undue familiarity continue to write bogus DR's that lead to sanctions of prisoners when staff are complicite to the violations.

Sgt. Randolph refused petitioners testimony that was sworn in because it would have forced her to report the illegal acts sworn by petitioner. She in her official capacity had an obligation to report these allegations to the Investigative unit EAI, but while acting under the color of law, she chose to protect her friend and collegue in violation of state law, and KDOC policy. 2020 was a very eventful year for KDOC staff at EDCF. In this year there were many staff caught in illegal and highly unethical behavior to include some of the highest in rank. Examples are: Major Drago and the Deputy Warden Early were involved in illegal behavior that got them both dismissed from duty. Capt. Buccannon and another of the petitioners reporting officers that wrote a DR on petitioner, CSI M. Leon, were both dismissed for various infractions of state policy.

Just as petitioner claimed about CSI Hoffarth, CSI Leon maintained an illegal relationship w/a person in custody in violation of KDOC policy. To further prove petitioners claim it was Sgt. Randolph who warned petitioner to drop a civil claim against another one of her friends, former warden of EDCF, Paul Snyder civil No. 18-3146-SAC and it is this complaint that led to all the bogus DR's and illegal sanctions. Sgt. Randolph now works for former warden of EDCF, Paul Snyder, once again at

his new job at WCF as warden. It is not petitioners claim
that warden Snyder knew or authorized the harrassment,
but never the less, the defendants all participated in the
illegal tampering of a federal witness and federal witness
intimidation by being in concert w/ Sgt. Randolph.

As a result of petitioner not changing his sworn testimony,
Sgt. Randolph threatened to hang up discontinuing the hearing.
Petitioner on audio record refused to change testimony and asked
for video evidence to substantiate his claims, so Sgt Randolph hung
up the phone. At no time did any one come to petitioners cell to act
as staff assistant as reported by Sgt Randolph and Unit team
Knapp. They both fabricated legal documents (disposition) to suit
their needs, and claimed petitioner hung up, staff assistance
was issued, and Unit team Knapp was petitioners representation
at continued hearing. Petitioners actions falsely alledged by Sgt.
Randolph was to justify holding hearing in absentia to eleviate
the posibility of the damaging testimony being further plued on
official record.

These actions are clear misconduct because any official
hearing sworn in are under the penalties of perjury. So to falsify
dispositions and suppress witness testimony in order to further
her own personal agenda violated petitioners Due process and
Equal protection under the law.

On 8-18-20 Sgt. Randolph continued this case in absentia w/
the written justification of petitioner "made disrespectful
comments towards reporting officer and had been warned several

times but continued the comments. He had been warned multiple times to stop but continued then hung up phone" "hearings now in absentia." This was reported about the 8-17-20 partial hearing. The hearing started at 0932 hrs.

Sgt. Randolph also records (4) other hearings w/ petitioner on same day 8-17-20 at 0932 hrs, which would be impossible to do. She also recorded the exact same rationale for continuance and the assignment of staff assistance as listed above, which was false. She states petitioner was disrespectful and hung up on (4) additional hearings all said to have happened at 0932 hrs on the same day. Each hearing must be sworn is and case number read into record which would definately make the time for each hearing different, not all at 0932 hrs.

To further prove petitioners claim, there was another hearing separate from any of the hearings Sgt. Randolph should have conducted. This hearing was reported by LT A J Johnson and he claimed on official documents that he held this hearing on 8-17-20 at 0932 hrs the same time Sgt. Randolph claimed to have held her hearings. Obviously they both could not have held hearings w/ the same person at the same time, making their reports false. These false reports caused petitioner to be on Seg for over 6 months for infractions that were false, and with out any hearings in violation of Due Process and Equal Protection Under the law. It is petitioners right to have a hearing on each infraction to be able to present a defense and to face his accusers, none of which was afforded him. These hearings are conducted over the

phone and recorded so petitioner wrote a grievance in attempt
to follow administrative remedy procedures after the informal
resolution did not resolve the issue.

Unit team Manager Martin responded by moving me to another
seg building in order to stop the complaint. Petitioner had previously
wrote a grievance to Martin in which she tried to cover up a
serious violation of KDOC policy committed by former officer
Norquist where he made racial jokes. UTM Martin's response
was "He regrets making the comments, but we will deal w/the
matter in house". This was a violation of IMPP 02-118, which
is serious and there is a specific protocol to be followed and
it doesn't give her the discretion to "handle it in house". KDOC
head quarters should have been notified and as a result of
this officers bad choices, he should have been dismissed from
duty. UTM Martin showed that she too is willing circumvent
the law and KDOC policy to protect a fellow employee, because
it wasn't till petitioner continued this complaint above UTM
Martin, that this employee was dismissed as he should have been
as a result of her inquiry. Petitioner reported many times to
Martin that the hearings that have him stuck in seg were never
held and that a simple check of audio recordings of these hearings
and the lack of, along with due dilligence would have cleared this
matter and exposed Sgt Randolph and LT Johnson for falsifying
documents. Also UTM Knapp for lying on official record and
clearing all these matters. Because of what was at stake, the jobs
of her colleagues, once again she decided to further the offense by

an attempt to cover up the violations. These actions make Martin complicite to the violation of petitioners Constitutional rights. UTM Knapp admitted to Defendant Hoepner that he never acted as staff assistant but later changed his story when questioned by the warden.

UTM Hoepner had a responsibility to correct the record but because he didn't and instead moved petitioner to another Seg building like UTM Martin did, this make him complicite to the conspiracy. Evidence In the form of a Infor mal resolution w/ UTM Hoepners response was submitted in a request for a Preliminary Injunction case NO. PWG-20-3563 exhibit # 12, this is UTM Hoepner acknowledging a meeting where UTM Knapp claimed to have no knowledge of being petitioners staff assistance. He admitted to Hoepner that he never took place In any hearings on behalf of petitioner. With this Information, UTM Hoepner could have released petitioner from Seg due to not having due process. By Knapp lying on reports and Hoepner continuing the lie by not correcting the record petitioners Due Process was violated.

Classification Marsha Bos is guilty of Due Process violation because she was aware of petitioners claims and never used the authority given her by KDOC to Investigate claims and correct the illegal sanctions imposed on petitioner. As classification Admin., she had the authority to remove petitioner from Seg. She was informed about the falsifying of legal documents that had petitioner placed In Seg., but did nothing, except agree to keep petitioner in Seg without Due Process. Bos failure to act made her complicite

and a co-conspirator to the other defendants cover up and intimidation of a witness.

COI Chiles wrote a false report stating that petitioner made comments that he was a threat and capable of causing problems on the compound. This false statement was used as justification to keep petitioner on Seg for a undetermined amount of time. Petitioner was escorted to Wesley Memorial Hospital after refusing treatment at EDCF. COI Chiles and COI Sanchez were relief officers on this trip. Petitioner was physically restrained in a restraint chair at EDCF for refusing to go to hospital in violation of his 8th amendment protection against cruel and unusual punishment.

Correctional staff called a code for officer needs assistance once petitioner requested a medical refusal form. Med staff stated that petitioner was having a stroke and needed emergency care but contrary to their claim, petitioner could speak clear and emphatically denied any need for medical care. Even though blood pressure was normal, which wouldn't be the case in the event of a stroke, and the petitioner clearly denied wanting any medical care, he was physically restrained and forced to recieve opiod injections then delivered to the emergency room. At this time Officer Chiles and his partner came into contact w/ petitioner. Petitioner admits to having a cordual conversation void of any threats or unpleasantries. The conversation involved the need for mediation between prisoners and staff called IRC's in other states. Inmate Representative counsel, which mediates conflicts on the compound between groups in prison and carry complaints to and from staff to

the prison population and vice versa, at no time was any threats made. This conversation was then taken to administration by cos chiles in attempt to curry favor and climb the ranks. His attempts to gain status on his job allowed him to compromise his integrity by misinterpreting the conversation petitioner had with his partner, officer Sanchez. This misinterpretation was intensional because once petitioner was sanctioned for Chiles claims, he approached both chiles and Sanchez who both denied petitioner ever made threats.

Sanchez repeated in front of prisoner D. Johnson, petitioners cell mate, that petitioner never made threats. Chiles also stated that his e-mail was "taken out of context." Either way, it was this email rather "out of context" or not, that have been used to keep petitioner on seg. It is petitioners claim that this action by chiles was in furtherance of the attacks against petitioner in retaliation of his civil suit. The attacks started at EDCF by Sgt. Randolph and carried on by her husban Major Randolph and his cronies. The corruption documented at EDCF in 2020 makes it clear that EDCF staff are not above breaking the law, including administration. These violations are clear violation of petitioners Due Process and Equal protection under the law.

(count 2): Due to each defendants actions as described above, petitioner was sanctioned to a undetermined number of seg.time. This is A-Typical arbitrarily capricious due to no end to the time on dis.seg. While on dis seg, petitioner was

placed on administrative Seg with out no end to the sentence. This sanction is cruel and unusual because on admin. Seg a prisoner is suppose to enjoy each condition afforded a person in GP except not being able to walk around. The OSR report used to justify this seg was not followed by any evidentiary hearing giving petitioner a chance to present evidence in his defense. Without a chance to present a defense or call witnesses, the petitioners due process is violated and any sanction emposed is cruel and unusual.

Petitioner has served 1 year on seg and been free of any major infractions the entire year yet during monthly seg reviews petitioner is told its not up to the unit team, who would normally have the say with a mere recomendation for release. Petitioners case has been made different than any other prisoner on seg w/ Simure status. Because while on admin. Seg, you can not order food on commissary, new regulations state you cant have a TV and these are things GP prisoners can have. Kansas may be the only state where people on admin. Seg can not order food. Because of the poor quality of food being served, to deny those who ordinarily could order, the ability to buy their own food is a hardship that amounts to Atypical and cruel and certainly unusual conditions. To make it worst for petitioner is there's no end to his confinement on seg. After one year of administrative Seg, petitioner has not presented any reason to continue on Seg, on top of the fact he never should have been on Seg with out Due Process.

## C.  CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been
   violated and that the following facts form the basis for my allegations: (If necessary you
   may attach up to two additional pages (8h" x 11") to explain any allegation or to list
   additional supporting facts.)

A) (1) Count I: _Violation of Due Process and Equal
   protection under the law  14th amend. of
   the U.S. constitution._

(2) Supporting Facts: (Include all facts you consider important, including names of
persons involved, places and dates. Describe exactly how each defendant is involved.
State the facts clearly in your own words without citing legal authority or argument.):

_See Attached_

B) (1) Count II: _Cruel and unusual punishment
   Violation of 8th amend. of the U.S.
   constitution_

(2) Supporting Facts: _See Attached._

C) (1) Count III: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☑ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit:

Plaintiffs: Sheridon Blake

Defendants: Robert L. Green

b) Name of court and docket number US District Court of Maryland Civil No. PWG-20-3563

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Injunctive Relief denied

d) Issues raised forced medication, longterm seg return to jurisdiction of conviction

* To be noted.... Not the same argument or same facts presented.

e) Approximate date of filing lawsuit _12-2020_, _1-2021_
   _2-16-21_

f) Approximate date of disposition _July 15, 2021_

1) I have previously sought informal or formal relief from the appropriate administrative
   officials regarding the acts complained of in Part C Yes ☑ No ☐. If your answer is
   "Yes", briefly describe how relief was sought and the results. If you answer is "No",
   briefly explain why administrative relief was not sought.

   Informal resolution to Unit team & Warden
   Grievance to Warden & Grievance to Sec. of Corr.
   all to no avail.

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

   Return to Maryland jurisdiction of conviction due
   to no fair treatment because of law suites.
   Injunctive relief and TRO for those involved
   in relatitory actions, release from Seg.
   Punitive monitary damages for mental anguish suffered

   _Freida Blake_
   Signature of Plaintiff

_____
Signature of Attorney (if any)

_____

_____

_____
(Attorney's full address and telephone number)

5