IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    Plaintiff,

v.                                 CASE NO. 21-3176-SAC

MARSHA BOS, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On November 5, 2021, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 5).

The Court finds that Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff claims in his Complaint that he has been placed and held in segregation for over a year without due process and in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

In his Response, Plaintiff continues to allege that he was denied due process at a disciplinary hearing, resulting in his placement in segregation. Section 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is

1

not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  This rule applies not only when the prisoner challenges his conviction but also when he challenges punishments imposed as a result of prison disciplinary infractions.  *Balisok*, 520 U.S. at 648.

Furthermore, the Court found in the MOSC that Plaintiff had not established a protected liberty interest that implicates constitutional due process. The Due Process Clause protects against "deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or policies."  *Id*. (citing *Vitek v. Jones*, 445 U.S. 480, 493–94 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution); *Wolff v. McDonnell*, 418 U.S. 539, 556–58 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)).

Liberty interests which are protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).  Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir.

2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification")).

The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221–22 (citing *Meachum*, 427 U.S. at 225 (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). "Changing an inmate's prison classification . . . ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)). Plaintiff has not alleged that his assignment imposed any atypical and significant hardship in relation to the ordinary incidents of prison life. *Cf. Wilkinson*, 545 U.S. at 223–24 (finding atypical and significant hardship in assignment to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration).

Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

Plaintiff argues that the disciplinary action affected the duration of his sentence and therefore established a protected liberty interest. He alleges that he was denied parole as a result of this, and other, disciplinary reports. The Supreme Court rejected this argument in *Sandin*, finding that the plaintiff's discipline in segregated confinement did not inevitably affect the duration of his sentence because state law did not require the parole board to deny parole based on the plaintiff's disciplinary record or to grant parole in its absence. *Sandin*, 515 U.S. at 487. Moreover, the Supreme Court noted that a prisoner is afforded procedural protection at his parole hearing and can explain the circumstances behind his disciplinary record. *Id*. "The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id*.

In response to the MOSC finding that he had not stated an Eighth Amendment claim, Plaintiff argues that suspension of his telephone privileges while in segregation was cruel. However, Plaintiff acknowledges that he committed a rule violation by engaging in a three-way call. Plaintiff also argues that confinement in segregation poses a substantial risk of serious harm to his health in the form of weight-gain caused by lack of recreation time. Plaintiff indicates he gets one hour of recreation time a day on Mondays through Fridays. Courts in the Tenth Circuit have found that much less recreation time did not violate the Eighth Amendment. *See Ramirez v. Knutson*, 2020 WL 6834228, *3-4 (W.D. Okla. Aug. 19, 2020) (collecting cases and finding 1.54 hours of recreation/exercise time per week did not state a claim for violation of the Eighth Amendment).

Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

DATED: This 3rd day of February, 2022, at Topeka, Kansas.

                                         **s/ Sam A. Crow**
                                         **SAM A. CROW**
                                         **U.S. Senior District Judge**