IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    **Plaintiff,**

v.                                            CASE NO. 21-3176-SAC

MARSHA BOS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff the opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a response to the MOSC (Doc. 5). On February 3, 2022, the Court entered a Memorandum and Order (Doc. 6) finding that Plaintiff had failed to show good cause why the Complaint should not be dismissed. The Court dismissed this case for failure to state a claim. (Docs. 6, 7.) This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 15).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was not filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 60. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

1

Under Rule 60(b), a party may move for relief "from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

Mr. Blake does not specify under which section he seeks relief. As Plaintiff's motion does not support relief under any other provision, the Court considers Plaintiff's motion under Rule 60(b)(6)—allowing for relief from a final judgment for "any other reason that justifies relief."

"Rule 60(b)(6) has been described by [the Tenth Circuit] as a grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quotations omitted). It should be reserved for "extraordinary circumstances." *Id.* In *Van Skiver,* the Tenth Circuit held that the pro se plaintiffs had not shown "any of the exceptional circumstances warranting relief under Rule 60(b)" where their motion simply "reiterated the original issues raised in their [earlier pleadings] and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *Id.; Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). And, "a Rule 60(b)

2

motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn*, 813 F.3d at 1306.

Plaintiff's 60(b) motion merely reiterates the same assertions that were raised and rejected previously in this case. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6). *See Whitmore v. Mask*, 612 F. App'x 501, 504 (10th Cir. 2015). Mr. Blake has not raised any facts or issues that are so "unusual or compelling" that extraordinary relief is warranted or that it would offend justice to deny such relief. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 580 (10th Cir. 1996). Therefore, his motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 15) is **denied**.

**IT IS SO ORDERED.**

DATED: This 29th day of April, 2022, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**