IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    **Plaintiff,**

    v.                                            CASE NO. 21-3176-SAC

MARSHA BOS, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is a Maryland prisoner who is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff the opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a response to the MOSC (Doc. 5). On February 3, 2022, the Court entered a Memorandum and Order (Doc. 6) finding that Plaintiff had failed to show good cause why the Complaint should not be dismissed. The Court dismissed this case for failure to state a claim. (Docs. 6, 7.) Plaintiff then filed a Motion for Reconsideration (Doc. 15), which the Court denied, and an appeal, which was dismissed for lack of prosecution on May 11, 2022 (Doc. 17). This matter is before the Court on Plaintiff's Second Motion for Reconsideration (Doc. 18).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was not filed within 28 days after the entry of the order, the Court will

1

treat it as a motion under Rule 60.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Under Rule 60(b), a party may move for relief "from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

Mr. Blake asserts that he is basing his motion on "newly discovered evidence."  Doc. 18, at 1.  He describes this newly discovered evidence as a statement from Unit Team Supervisor Henke saying that Corrections Officer Chiles told him that Chiles's narrative in a disciplinary report was altered.  Henke also expresses the opinion that "there does seem to be some significant misconduct that negatively impacted Mr. Blake's chances of parole."  Doc. 18-2, at 3.

This "evidence" is not newly discovered.  Plaintiff referred to the subject matter of Henke's statement in his first motion for reconsideration.  *See* Doc. 15, at 2.  The addition of Henke's speculation as to the Maryland Parole Board's decision-making process does not alter the Court's conclusion that Plaintiff failed to state a claim.

As the Court explained in its Memorandum and Order dismissing Mr. Blake's Complaint,

> Plaintiff argues that the disciplinary action affected the duration of his sentence and therefore established a protected liberty interest. He alleges that he was denied parole as a result of this, and other, disciplinary reports. The Supreme Court rejected this argument in *Sandin*, finding that the plaintiff's discipline in segregated confinement did not inevitably affect the duration of his sentence because state law did not require the parole board to deny parole based on the plaintiff's disciplinary record or to grant parole in its absence. *Sandin*, 515 U.S. at 487. Moreover, the Supreme Court noted that a prisoner is afforded procedural protection at his parole hearing and can explain the circumstances behind his disciplinary record. *Id*. "The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id*.

Memorandum and Order, Doc. 6, at 4.

Plaintiff also argues that his substantive due process rights were violated by the failure of corrections officials to respond to all of his grievances. This is an argument that Plaintiff could have made before his case was dismissed. "[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). Furthermore, Plaintiff's allegations do not establish that defendants' conduct "shocked the conscience" or "violate[d] the decencies of civilized conduct" such as is necessary to state a substantive due process claim. *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998) (internal citations omitted).

For these reasons, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Second Motion for Reconsideration (Doc. 18) is **denied**.

**IT IS SO ORDERED.**

**DATED: This 27th day of April, 2023, at Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**